# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRONE GLENN,** | : | **CIVIL NO. 1:CV-13-0325** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **JAMES J. MCGRADY, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

**I.     Background**

Tyrone Glenn ("Glenn"), an inmate currently confined at the State Correctional Institution at Retreat ("SCI-Retreat), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12132.  Glenn has filed a motion requesting leave to proceed in forma pauperis in this matter.  (Doc. No. 2.)  This motion will be construed as a request to proceed without full prepayment of the filing fee and granted.[1]  In the complaint, Glenn contends that he is vison-impaired and that the computer screens in the Restricted Housing Unit ("RHU") law library are not accessible to him because they are covered with steel grids that affect his ability to see the screen.  As a result, he argues that he is being deprived of meaningful access to the courts.  Due to the grids, he claims he was unable to prepare a memorandum of law in opposition to a notice to deny/dismiss his PCRA petition.  He also alleges that he is subjected to discrimination and denied equal protection under the law because of his disability.  Glenn states that he has pursued grievances with respect to his matter.

---

[1]  Glenn completed this Court's form application for leave to proceed in forma pauperis and authorization form.  An Administrative Order was thereafter issued on February 11, 2013 (Doc. No. 7), directing the warden at SCI-Retreat to commence deducting the full filing fee from his prison trust fund account

Named as Defendants are the following Pennsylvania Department of Corrections ("DOC") employees: James J. McGrady, Superintendent at SCI-Retreat; Michael Hoover, Deputy Superintendent at SCI-Retreat; Michael Klopotoski, Deputy Secretary in the Eastern Region; and Dorina Varner, DOC Chief Grievance Officer. Pending is Glenn's motion for the appointment of counsel. (Doc. No. 4.) For the reasons that follow, Glenn's motion for counsel will be denied without prejudice and service of the complaint will be directed.

**II.     Discussion**

In moving for the appointment of counsel Glenn argues that: (1) he is unable to afford counsel; (2) the issues involved in this case are complex; (3) as an RHU inmate he has limited access to the law library; (4) he is unable to see the computer screens in the RHU law library; (5) he has a limited knowledge of the law; and (6) he will need an attorney for his jury trial. (Doc. No. 4.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. While Defendants have not yet responded to the complaint, for purposes of this motion the Court will assume that this case has arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

The pending motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted thus far do not contain complicated legal issues. In reviewing the complaint, Glenn is obviously literate and clearly able to litigate this action on his own. The complaint clearly sets forth the claims Glenn desires to pursue in this matter. While Glenn may not have the ability to visit the law library as often as he would like, it appears that he does have some access to the library. Although he states that he is unable to see the computer screens in the law library due to the grids placed in front of them, it is apparent that he is either receiving assistance in preparing his legal filings or is able to access and read legal precedent in another manner because his

filings with the court reference legal opinions. Further, any concern about a trial is premature at this point in the case. It cannot be said, at least at this point, that Glenn will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with the apparent ability of Glenn to litigate this action, weigh against the appointment of counsel. His pending motion will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a properly filed motion. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


| TYRONE GLENN, | : | CIVIL NO. 1:CV-13-0325 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JAMES J. MCGRADY, et al., | : | |
| Defendants | : | |

# ORDER

**AND NOW**, this 4th day of April, 2013, in accordance with the attached Memorandum,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is construed to be a motion to proceed without full prepayment of the filing fee and is **granted**.

2. Plaintiff's motion for the appointment of counsel (Doc. No. 4) is **denied without prejudice**.

2. The United States Marshal is directed to serve the complaint (Doc. No. 1) on the Defendants named therein.


        S/ Yvette Kane
        YVETTE KANE, Chief Judge
        Middle District of Pennsylvania